EDWARD E. HUNTER, impleaded, &c., plaintiff in error, *v.* SILAS W. SHERMAN, who sues for the use of GURDON S. HUBBARD and LOUIS T. JAMISON, defendant in error.

*Error to the Municipal Court of the City of Chicago.*

The Municipal Court of the city of Chicago was a superior court of general jurisdiction ; and its jurisdiction will be presumed until the contrary is made to appear.

In an action upon a replevin bond, it is not necessary for the plaintiff to aver, in his declaration, that a writ of *retorno habendo* had been issued.

A breach in a declaration on a replevin bond, which states the judgment of the court in favor of the defendant in replevin, and that a return of the goods was ordered and adjudged to him; and that the plaintiff in replevin refused and neglected to return them, according to such order and adjudication, is sufficient.

The rules of pleading do not require, in an action upon a replevin bond, that the breach should be alleged in broader terms than those used in the condition of the bond.

*Semble,* That in an action upon a replevin bond, it is not necessary that a breach should be formally assigned; but the plaintiff will be entitled to recover, if a sufficient breach otherwise appear.

The rendering judgment against one defendant, when the other defendant has not been served with process, is distinctly authorized by the practice act.

Where in an action of debt upon a replevin bond, judgment was rendered, in damages, for a greater amount than the *ad damnum* laid in the declaration ; and after a writ of error brought, the judgment was amended, by remitting the excess of damages, and entering the judgment in debt : *Held,* that the amendment cured the error in the original judgment.

Objections cannot be sustained, on error, to a judgment rendered in an action on a replevin bond, because there was no averment in the declaration, that the plaintiff was sheriff, or that the bond was taken in a replevin suit, or that the goods were replevied, or of the interest of the defendants in replevin in the goods replevied, or of special damage to the plaintiff, or that the plaintiff declares for damages only, or that the persons for whose use the suit was brought were the defendants in replevin, or because the damages are laid as sustained by the officer in whose name the suit is brought, or that there is no averment of the commencement of the replevin suit. Such objections are purely technical, and are mostly cured by the statute of jeofails.

THE defendants below bound themselves in a bond of $400, to the plaintiff below, now defendant in error, styling him thus, "Silas W. Sherman, Sheriff of Cook county, Illinois," conditioned as follows :

" That whereas, the above bounden Abraham A. Markle is about to sue out a writ of replevin from the office of the clerk of the Circuit Court of Cook county, Illinois, to replevy certain goods and chattels, to wit : ten beds, with straw beds and bedsteads, and bedding. Now, if said A. A. Markle shall prosecute his said suit to effect, and without delay, and make return of the said goods and chattels, if return thereof shall be awarded, and shall save and keep harmless said Silas W. Sherman, in replevying said goods and chattels, then this obligation to be void," &c.

The defendant in error instituted a suit on said bond in the Municipal Court of the city of Chicago, and alleged the following breaches, to wit :

In the first count :

" And the said plaintiff in fact avers, that said Markle, though often requested, did not return the said goods and chattels, although a return thereof was awarded to said Hubbard and Jamison, by the judgment and order of said Cook Circuit Court, at the fall term thereof, in the year 1836, in the said suit of replevin, of the said Markle against the said Hubbard and Jamison, for the recovery of the said goods and chattels above specified ; and the said plaintiff avers it was the same suit referred to in the condition of the said writing obligatory."

In the second count :

" And the said plaintiff saith, that afterwards, to wit, on the —— day of October, in the year 1836, at the fall term of said Court, the said Hubbard and Jamison, in said suit or action of replevin, then and there obtained a judgment in said Cook Circuit Court, against the said Markle, for a return of the said goods and chattels, and also for the costs by them in that behalf expended ; yet the said Markle did not, nor would, return the said goods and chattels, although often requested, to said Hubbard and Jamison ; whereby an action accrued to the said plaintiff, to have and demand of and from the said defendants, the above sum of money demanded, for the use of said Hubbard and Jamison, according to the statute in such case made and provided, and according to the tenor and effect of said writing obligatory."

The breach in the third count is substantially like that in the second.

The fourth count is on the bond, without setting out any condition, and the breach alleged is the non-payment of the four hundred dollars.

Hunter v. Sherman.

The fifth count sets forth the bond in substance, and the condition *verbatim*, and concludes as follows :

"And the said plaintiff avers, that the defendant Markle, although often requested, did not, nor would, return the said goods and chattels, although a return thereof was awarded by the judgment of the said Cook Circuit Court, at the October term thereof, holden in Chicago, in the said county of Cook, in the said suit of replevin, of the said Markle, against the said Hubbard and Jamison, for the recovery of the said goods and chattels, as will more fully appear by the record in said suit, an attested copy whereof is now here to the Court shown."

Process was served on Hunter only, against whom judgment was rendered by default, for $ 399,06, in damages, at the July term, 1837. The cause was brought to this Court by writ of error.

E. G. RYAN, for the plaintiff in error, contended :

I. The declaration would have been bad on general demurrer, and is therefore bad on error.

1st. Because it does not appear in the declaration, that the Court below, which is a court of limited jurisdiction, had jurisdiction of the suit below.

2d. Because there is no sufficient averment of the commencement of, or the proceeding or judgment in, the replevin suit.

3d. Because the bond, as declared on, does not show that it was taken in any replevin suit, against Hubbard and Jamison, or any other person, nor is there any averment of such fact.

4th. Because there is no averment that Sherman was sheriff of Cook county, either at the time the bond was given, or at the commencement of the action in the Court below.

5th. Because there is no averment that the goods were replevied out of the possession of the defendants in replevin, or either of them.

6th. Because there is no averment of the interest of the defendants in replevin, or either of them, in the goods replevied.

7th. Because it does not appear by the declaration to whom return of the goods was awarded, in the replevin suit.

8th. Because there is no averment, that a writ of *retorno habendo* ever issued in the replevin suit, or of any return thereon made.

9th. Because, as the bond is to indemnify the sheriff, and he brings the action and lays damages by himself sustained, he was bound to assign damage, as this was his only interest.

10th. Because there is no averment that Hubbard and Jamison, for whose use the suit below purports to have been brought, were the defendants in replevin.

11th. Because, although all the counts are upon a penal bond,

yet the plaintiff declares for damages only ; the declaration is not in debt, assumpsit, case, trespass, or any other form of action known to the law.

12th. Because, although the plaintiff declares for the use of Hubbard and Jamison, he lays the damages as sustained by himself.

II.   The joinder of the two defendants in the declaration, while the judgment is against one only ; this is error.

1st. Because where two or more are sued jointly, and some of the defendants only are served with process, the plaintiff in his declaration should state the fact on whom process has been served, and on whom not, and declare against and proceed to judgment as against all.

2d. Because, on the face of the record in this cause, the declaration is against two and the judgment against one only, without any acquittal or *non pros.* as against the other ; the judgment being general, is bad, if it do not sustain the whole declaration.

III.   The cause of action, if the declaration be held good, is debt, whereas the judgment is for damages only ; this is fatal.

1st. Because, in debt on bond, the judgment must be for the penalty, which is the debt, and costs.

2d. Because, even if judgment had been entered for the penalty, a judgment afterwards entered for the damages assessed, would be bad in error.

IV.   The damages are laid at $ 300, the judgment is for $399,06 damages.

Damages cannot be assessed at a greater amount than they are laid at in the declaration ; and if judgment is entered up for a greater amount, it is bad on error.

V.   The judgment is entered up for the plaintiff, and cannot be construed for the use of Hubbard and Jamison.

As the plaintiff declared for the use of others, it should have been in form, as in fact for their use, and as it stands, it is, under the pleadings in the Court below, error.

JAMES TURNEY, was also for the plaintiff in error.

After the writ of error had been sued out in this case, the defendant in error, the plaintiff in the Court below, gave notice to the defendant in that Court, the plaintiff in error here, that he should apply at the next term of the Court below, to wit, the November term, 1837, to have the record amended so as to conform to the action, and by entering a *remittitur* of all the damages exceeding $ 300, the amount laid in the declaration.   At said term of the Court, the Hon. Thomas Ford presiding, the record was thus amended, and by virtue of a writ of *certiorari*, a new transcript certified to this Court.   The defendant objected to these proceedings.

Hunter *v.* Sherman.

B. S. MORRIS and J. YOUNG SCAMMON, for the defendant in error.

It is a rule in pleading, that a general allegation negativing the condition in a bond or covenant, is sufficient for the plaintiff in declaring, and if the defendant had performed the condition, he should plead that fact. Wright 722.

A declaration on a *supersedeas* bond need not state that the *supersedeas* had issued. 5 Ohio 177.

So a voluntary bond given to deliver property to the sheriff, is good at common law, although it does not conform to the statute. 1 Blackf. 359 ; 6 Littell 273, 274 ; 4 Ohio 85.

A liability to a suit is a breach of covenant to indemnify. 3 Bibb 197.

It is not necessary to set out a writing or other matter referred to in the obligation declared on, unless it would modify the breach alleged. 1 Monroe 12.

A party is not confined to the amount of damages laid in the writ, but may have judgment for the penalty to be discharged by the damages sustained by the breach of the condition. 1 J. J. Marsh. 174 ; 1 Saund. 58, n. 1 and 2 ; 2 Saund. 187, n. 2.

A judgment by default is an admission of the facts alleged. Breese 179.

A general averment only, when it should have been special, is good after judgment by default. 9 Wheat. 583, 581 – 86.

An obligor is estopped from denying the existence of facts recited in the instrument sued on. 3 Marsh. 303.

These authorities abundantly show, that the declaration under consideration is sufficient to warrant the judgment by default in the Court below.

The position, that " the joinder of two, and judgment against one only, is error," would be true but for our practice act, which authorizes judgment to be taken against the one served, and at any time after, a *scire facias* against the other. R. L. 487 § 4 ; Gale's Stat. 529, 530.

The statute of jeofails cures all the other errors assigned, which are founded in fact, and which are not cured by the amendment of the record in the Court below. Such amendment was authorized by well settled principles. Both in England and this country, it is a common practice to amend the record, after error brought, as a matter of course, and generally without costs. 2 Strange 863, 902 ; 1 Gallis. 257, 261 ; 4 Burr. 2449 ; 1 Ld. Raym. 1587 ; 2 Bibb 7, 88 ; 1 Monroe 18 ; 2 Marsh. 61 ; 3 Marsh. 268 ; 7 Monroe 297 ; 2 Johns. 184 ; 3 Johns. 526.

SMITH, Justice, delivered the opinion of the Court :

This was an action on a replevin bond, given to the defendant in error, as sheriff. Judgment was rendered in the late Municipal

Court of the city of Chicago, by default, against Hunter, who was alone served with process, the other defendant not having been found. Numerous errors have been assigned, all of which are considered untenable.

It is first objected, that the Municipal Court had no jurisdiction of the cause. This question has been fully investigated, and was settled at the last term, in the case of Beaubien *v.* Brinckerhoff ; (1) and has been again decided at this term, it being held that the late Municipal Court of the city of Chicago, being a superior court of general jurisdiction, it will be presumed to have jurisdiction until the contrary is made to appear. No exception having been taken to the jurisdiction in the Court below, the jurisdiction must be presumed. The exception to the declaration, for the want of an averment that a writ of *retorno habendo* had been awarded by the Court, on the entry of the judgment in the Court, in favor of the defendants, in the action of replevin, is not well taken. There are five counts in the declaration, four of which aver, that by the consideration and judgment of the Court, in which the action of replevin was determined, that return of the goods was ordered and adjudged, at the October term of the Cook Circuit Court, 1836, to the defendants in the action of replevin ; and that the defendant in error refused and neglected to return the goods according to such order and adjudication ; and the last count specially refers to the record of the Court, as evidence of the truth of the averment that return of said goods was ordered and adjudged, and makes profert of such record.

It is a sufficient answer to the objection, to say, that the averment is in language full as broad as the condition of the bond ; and no necessity is perceived for the assignment of a breach, in broader terms than the condition of the bond, which the parties had chosen to adopt. To require more, would seem to be a useless act, and one the rules of pleading do not seem to require. We have looked into precedents of declarations in similar cases, and find the averment has not only been omitted in the forms, but has been held to be unnecessary. (2)

It has also been held, that in this action the breach need not be formally assigned, and the plaintiff will be entitled to recover if a sufficient breach otherwise appear. (3) Where the condition is to prosecute the suit with effect, and without delay, a breach in those words would suffice, and proof of two years delay would suffice, without proving a judgment of *non pros.* (4). The issuing of a writ of *retorno habendo* is sometimes stated, (5) but is unnecessary. (6)

The numerous other objections assigned as error, are purely

(1) *Ante* 269.      (2) 1 Chit. Plead ; 2 Chit. Plead. 460.
(3) 5 Barn. & Cress. 284.      (4) 4 Bing. 586.
(5) 7 Went. 1.      (6) Willis 6 ; 2 Sellon's Pract. 267.

technical in their nature, most of which would be cured by the statute of jeofails, did they all exist; but many are not perceived to be in the record. The rendering a judgment against one, when the other is not served with process, is distinctly authorized by the practice act; and without enumerating all the causes here alluded to, it is sufficient to say that there appears to be no ground on which to sustain them. The last error to be considered, is as to the form of the rendition of the judgment, being for damages, when the action is in debt. This supposed error has been obviated by the amended record, sent up by virtue of the writ of *certiorari,* by which it appears that the late Municipal Court of the City of Chicago, since the filing of the original record in this Court, amended the judgment below so as entirely to remove the objection, which might otherwise have been fatal. Upon the whole case, we perceive no sufficient error to the prejudice of the plaintiff in error, and accordingly affirm the judgment, with costs.

*Judgment affirmed.*